**Frank CHASE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–264.**

Court of Criminal Appeals of Oklahoma.

Dec. 26, 1973.

Cornish, Cornish & Wright, Inc., Mc-Alester, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Frank Chase, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. F-73-97, for the offense of Escape. Defendant, with counsel, waived jury trial, stipulated to the facts and was found guilty and sentenced to two (2) years imprisonment. A timely appeal has been perfected to this Court.

The initial preliminary examination was held on this charge on March 27, 1973. At its conclusion, the case was ordered dismissed by the examining magistrate because the evidence presented by the State revealed that the presence of the defendant at the State Penitentiary was the result of a request by Muskogee County, Oklahoma, that he be held for "safekeeping" rather than a commitment upon a valid judgment and sentence on conviction in a district court. This evidence was presented through the testimony of the Assistant Records Officer of the State Penitentiary. Subsequently, the District Attorney's office discovered, through the Assistant Records Officer, that the evidence presented at the initial preliminary examination was incorrect because of an error in the records of the State Penitentiary. In fact, it was discovered, the defendant was at the time of the alleged escape under the supervision of the Department of Corrections from the judgment and sentence of the District Court, Muskogee County, upon conviction of the crime of Kidnapping. Following the discovery of the error in the records, the State moved for permission to refile the charge. A hearing was held upon that motion before the same magistrate who had ordered the prior dismissal. At that hearing the Assistant Records Officer for the State Penitentiary testified that his previous testimony was incorrect as the result of an erroneous entry in the records. He stated that the error had originated in a misinterpretation of an order of this Court. At the conclusion of that hearing,

the magistrate specifically determined that there was sufficient new evidence to overcome his prior ruling of dismissal and that the State had shown good cause why this evidence had not been acquired and introduced at the initial preliminary examination.

The sole issue for determination on appeal is whether the trial court was correct in permitting the State to refile this prosecution after dismissal at preliminary.

The defendant urges that following the adverse ruling of the magistrate, the State was limited in its remedy to the procedure set forth in Rule 6 of the Rules of the Court of Criminal Appeals, 22 Okl.Stat. Ch. 18, App. (1972 supp.). Therefore, he argues, when the State failed to appeal the adverse ruling within five days and in the manner provided by Rule 6, the decision of the magistrate became final and the State was thereafter forever precluded from refiling the prosecution even upon a showing of new or additional evidence.

 We cannot agree with defendant's contention because it is based upon a misinterpretation of the proper application of the provisions of Rule 6. In Jones v. State, Okl.Cr., 481 P.2d 169 (1971) this Court held that a dismissal of the State's case at preliminary examination bars a prosecuting attorney from refiling a case until certain evidentiary and procedural standards have been met. Those standards require the State to clearly show that it has acquired "new" evidence since the dismissal. We stated in that case that "new" or "additional" evidence does not mean that which was known to the State at the time of the first preliminary or that which could have been easily acquired by it. 481 P.2d at 171. Before a refiling may be permitted, the charge must be brought before the same magistrate who originally dismissed the case and consideration by another magistrate is forbidden unless the first be unavailable. The magistrate must decide if the substance of the new evidence offered is sufficient to overcome the prior dismissal and whether the State has shown

good cause why that evidence was not available to it at the first preliminary.

 Subsequent to the case of Jones v. State, supra, we decided State ex rel. Fallis v. Caldwell, Okl.Cr., 498 P.2d 426 (1972), which case enunciated Rule 6 of the Rules of the Court of Criminal Appeals providing a certain procedure whereby the State might appeal from an adverse order or ruling of the magistrate at preliminary, including an order dismissing the State's case for insufficient evidence. Rule 6 was intended to provide a remedy to the prosecutor whose case was improvidently dismissed at preliminary. An appeal under the provisions of that rule is taken upon the evidence as it was presented at preliminary and the issue on appeal is the correctness of the magistrate's ruling or order in the light of that evidence.

On the other hand, in the instance in which the magistrate orders the State's case dismissed for insufficient evidence and the State does not appeal but subsequently seeks permission to refile the prosecution, the evidentiary and procedural prerequisites to refiling are those set forth in Jones v. State, supra. We find that the trial court in the instant case correctly and conscientiously followed that procedure.

 We find further, contrary to defendant's second proposition, that the State at the hearing below met its burden of showing sufficient additional evidence, unknown at the time of the initial preliminary, which was, as a practical matter, not easily available to it at that time.

It is therefore the opinion of this Court that the judgment and sentence appealed from should be, and the same accordingly is, affirmed.

BLISS, P. J., and BUSSEY, J., concur.