Joe V. TILLEY, Petitioner,

v.

The STATE of Oklahoma, ex rel. Honorable John SCAGGS, and Honorable Timothy Colbert, Judges of the Twentieth Judicial District, Respondent.

No. P 93–0225.

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1993.

As Corrected Jan. 13, 1994.

Order Published Jan. 13, 1994.

## ORDER GRANTING EXTRAORDINARY RELIEF

Petitioner (DOB: July 4, 1974) was charged as an adult in the District Court of Johnston County, Case No. CRF–90–71, with Murder in the First Degree. Preliminary Hearing was held November 26, 1990. Petitioner's application for reverse certification was denied and he was bound over for trial. The appeal of the reverse certification was affirmed by this Court in an unpublished opinion, *J.V.T. v. State*, Case No. J–92–114, on October 21, 1992. By agreement of the parties and the Trial Court, the pre-trial motions for the case were combined with those of Case No. CRF–90–439, a charge of first degree murder filed in the District Court of Carter County. Petitioner was formally arraigned and remained silent; a plea of not guilty was entered by the Honorable John Scaggs.

On December 22, 1993, the Trial Court heard arguments on Petitioner's motion to quash. After receiving briefs from both parties, the District Court sustained the motion to quash on January 13, 1993, for failure of the State to sufficiently prove the Corpus Delicti of the crime. Judge Scaggs granted the motion "in the interest of justice and because of lack of evidence", ordered the charge dismissed and bond exonerated, and stayed the order of dismissal and exoneration of the bond pending the State's appeal. Further, Judge Scaggs stated if the State moved to exhume the body, he would agree to sign an order for exhumation and allow further autopsy. For purposes of the record, the prosecutor announced he intended to file such a motion after contacting the parents of the victim. The State then announced its intent to appeal the order of the District Court sustaining the Petitioner's motion to quash.

Subsequently, the State exhumed the body and another autopsy was performed. On February 12, 1993, the State filed a motion to reconsider with the District Court. Following a hearing February 23, 1993, the District Court found it maintained jurisdiction over the motion since the dismissal had been stayed and remanded the case for further preliminary hearing only on the question of the cause of death of the decedent based upon the new autopsy report.

In Petitioner's application for extraordinary relief filed in this Court March 12, 1993, Petitioner requested a stay of any further proceedings and a writ forbidding the District Court of Johnston County from continuing with Case No. CRF–90–71. Petitioner contends the only avenue for the State to proceed is with the normal appeal process rather than through a motion to reconsider with the District Court. On March 22, 1993, we stayed further proceedings in this matter and directed Respondents to file a response

to Petitioner's application, which was timely filed.

The enactment of 22 O.S.1991, § 504.1, statutorily created the Motion to Quash which previously had been a hybrid this Court held fell under Sections 493 or 504 of Title 22. *See State v. Hammond,* 775 P.2d 826 (Okl.Cr.1989). At the same time the Legislature created Section 504.1, Section 1053 of Title 22 was amended to allow the State to appeal from an order of a Trial Court sustaining a motion to quash for insufficient evidence in a felony matter.

■ Petitioner contends the only and proper procedure for the State to follow is to appeal the sustaining of the motion to quash under Section 1053(4). We agree the State should have been required to either appeal the decision on the motion to quash through Section 1053(4) or to refile the case based upon "new information" acquired since the dismissal. *See Chase v. State,* 517 P.2d 1142 (Okl.Cr.1973). Further, in *State v. Durham,* 545 P.2d 805 (Okl.Cr.1976), prior to the enactment of Sections 504.1 and 1053 of Title 22, we examined a situation where a motion to quash the information had been sustained and concluded an appeal taken by the State will not stay or affect the operation of such judgment in favor of the defendant until the judgment or order is reversed by this Court. The enactment of Sections 504.1 and 1053 do not affect this conclusion. Therefore, we find the District Court had no power to stay its order exonerating bail and dismissing the action.

■ For a writ of prohibition the petitioner must establish that (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. 22 O.S.Supp.1992, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 10.-6(A). The record reflects the District Court made it clear the State had its choice of refiling or appealing. After announcing it would exhume and re-examine the body, the State then chose to appeal. Once the State filed its appeal, the District Court had no authority to revisit its order. In light of the foregoing, we herewith GRANT Petitioner's application for extraordinary relief and prohibit the District Court of Johnston County from proceeding in Case No. CRF–90–71 pending the appeal of the State which has been initiated in this Court.

On September 10, 1993, the State filed an application for extension of time in which to perfect its appeal pending the resolution of Petitioner's application for extraordinary relief and a Motion for Cross-reference. The State's Motion for Cross-reference and application for an extension of time are GRANTED. The State is herewith given thirty (30) days from the date of this order in which to perfect its appeal.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE
Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR
Judge