OSCN Found Document:STATE v. ZUNGALI

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE v. ZUNGALI
2015 OK CR 8
Case Number: S-2014-873
Decided: 05/01/2015
STATE OF OKLAHOMA, Appellant, v. BRANDON LEE ZUNGALI and DAISHA TYSHELL HARRIS, Appellees.
Cite as: 2015 OK CR 8, __ __

 
 

OPINION

JOHNSON, JUDGE:

¶1 The State of Oklahoma appeals the October 9, 2014 order entered by the Honorable Gary E. Miller of the District Court of Canadian County in Case Nos. CF-2014-143 and CF-2014-144, sustaining Appellee Zungali's and Harris's Motions to Suppress Evidence. The district court's ruling prohibited admission of all evidence seized during a search of Appellees' minivan. We exercise jurisdiction under 22 O.S.2011, § 1053(5) and reverse the district court's ruling.

BACKGROUND

¶2 Appellees were travelling eastbound on I-40 while Agent Wall of the Oklahoma Bureau of Narcotics and Dangerous Drugs [OBNDD] was conducting narcotics interdiction around mile marker 111 in Canadian County. He observed Appellees' minivan following "less than a second" behind the semi-truck in front of them. Appellees' minivan "appeared" to be a rental vehicle with a Florida license plate. According to Agent Wall, following too closely is "following closer than is reasonable and prudent." He explained that numerous studies and the Oklahoma Driver's Manual recommend a following distance of three seconds, that Appellees were travelling "much less" than a three-second distance and that following too closely is one of the top three causes of Oklahoma accidents. He used his stationary vehicle in the median to count the time interval between the two vehicles passing him and he was unable to "even count a second." He estimated the vehicles' speed between 65 and 70 miles per hour.

¶3 Agent Wall pursued Appellees' minivan and conducted a traffic stop approximately two miles from the observed traffic violation. Agent Wall directed a canine handler agent with the OBNDD, who had arrived at the scene, to have his drug dog scan the minivan. The dog alerted to the odor of drugs and during a search of the minivan, the officers found 45 packages of marijuana totaling approximately 49 pounds inside a couch in the back of Appellees' minivan. The State charged Appellees Harris and Zungali by Information on March 5, 2014, with Trafficking in Illegal Drugs in violation of 63 O.S.2011, § 2-415, and with Conspiracy to Traffic in Illegal Drugs, in violation of 21 O.S.2011, § 421.[1]

DISCUSSION

¶4 The State contends that the stop of Appellees' minivan for following too closely based on a violation of the "three second rule" was not an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution, and we agree. Review of a district court's ruling on a motion to suppress evidence is a mixed question of law and fact; we consider the evidence in the light most favorable to the district court's ruling, accept those of the district court's factual determinations supported by evidence and review the ultimate determination of reasonableness under the Fourth Amendment de novo. See United States v. Augustine, 742 F.3d 1258, 1264-1265 (10th Cir. 2014); Coffia v. State, 2008 OK CR 24, ¶ 5, 191 P.3d 594, 596. 

¶5 Both the United States and Oklahoma Constitutions guarantee the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Okla. Const. art. 2, § 30. To stop a vehicle, police must have reasonable, articulable suspicion that the car or its driver is in violation of the law. McGaughey v. State, 2001 OK CR 33, ¶ 24, 37 P.3d 130, 136. "[T]he determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior." Illinois v. Wardlow, 528 U.S. 119, 125, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000). To determine if a traffic stop violates the Fourth Amendment, we consider whether the officer's action was justified at its inception and whether the officer's subsequent actions were reasonably related in scope to the circumstances which justified the interference in the first place. McGaughey, 2001 OK CR 33, ¶ 24, 37 P.3d at 136. 

¶6 This case concerns only whether the traffic stop was justified at its inception.[2] "The validity of a traffic stop under the Fourth Amendment turns on whether th[e] particular officer had reasonable suspicion that th[e] particular motorist violated any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." United States v. Valenzuela, 494 F.3d 886, 888 (10th Cir. 2007) (quoting United States v. Tibbetts, 396 F.3d 1132, 1137 (10th Cir. 2005)). See also Lozoya v. State, 1996 OK CR 55, ¶ 32, 932 P.2d 22, 32. An officer's subjective motivation for stopping a particular vehicle is irrelevant. United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995). Agent Wall stopped Appellees for following too closely in violation of 47 O.S.2011, § 11-310(a) that provides a driver "shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

¶7 The Tenth Circuit has held that a trooper's use of a two-second "rule of thumb" to determine that a car was following the vehicle in front of it too closely provided the necessary reasonable suspicion to effectuate a traffic stop under a Kansas statute identical to Oklahoma's statute prohibiting following too closely.[3] United States v. Nichols, 374 F.3d 959, 965 (10th Cir. 2004), cert. granted and opinion vacated to allow resentencing under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); opinion reinstated, 410 F.3d 1186 (10th Cir. 2005). The Tenth Circuit reaffirmed its holding in Nichols in United States v. Hunter, 663 F.3d 1136, 1143 (10th Cir. 2011). The trooper in Hunter stopped the defendant for following about one second behind a semi on an interstate highway, and the trooper testified that such an interval was a violation of the Kansas statute. Id. The Tenth Circuit rejected the defendant's argument that the stop was not justified because the trooper did not address other factors as a basis for the stop, namely speed and distance. The Hunter court approved timed intervals as an acceptable method for taking speed and distance into account and noted "we have specifically approved [in Nichols] the two-second rule as supporting reasonable suspicion to effect a traffic stop...." Id. 

¶8 We find the reasoning in Nichols and Hunter persuasive.[4] Agent Wall testified he had hours of training on "traffic stops, traffic violations, [and] the traffic laws of the state of Oklahoma." He explained that following too closely is following at a distance that is not reasonable and prudent. He went on to say that numerous studies as well as the Oklahoma Driver's Manual recommend a following distance of three seconds, which he obviously credits as one reliable measure of a reasonable and prudent distance between vehicles. He explained how he calculated the less than one second between Appellees' minivan and the semi in front of them. We find that Agent Wall's use of a three-second rule of thumb together with his calculation and observation of less than a one second interval in this case provided the minimal level of objective justification required for reasonable suspicion justifying a traffic stop. The stop was justified at its outset.

DECISION

¶9 The Order of the District Court of October 9, 2014, sustaining Appellees' motion to suppress evidence is REVERSED and the matter REMANDED for further proceedings. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2015), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY
THE HONORABLE GARY E. MILLER, DISTRICT JUDGE

 

 

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 AUSTIN T. MURREY
 ASSISTANT DISTRICT ATTORNEY
 303 N. CHOCTAW
 EL RENO, OK 73036
 ATTORNEY FOR STATE
 
 
 AUSTIN T. MURREY
 ASSISTANT DISTRICT ATTORNEY
 303 N. CHOCTAW
 EL RENO, OK 73036
 ATTORNEY FOR APPELLANT
 
 
 
 
 DAN MURDOCK
 ATTORNEY AT LAW
 3033 N.W. 63RD STREET, STE. 152
 OKLAHOMA CITY, OK 73116
 ATTORNEY FOR DEFENDANT
 BRANDON LEE ZUNGALI

  

 GEORGE BILLS
 ATTORNEY AT LAW
 437 GRANT STREET, STE. 407
 PITTSBURGH, PA 15217
 ATTORNEY FOR DEFENDANT
 DAISHA TYSHELL HARRIS
 
 
 DAN MURDOCK
 DANIEL HENSCH
 ATTORNEYS AT LAW
 3033 N.W. 63RD STREET, STE. 152
 OKLAHOMA CITY, OK 73116
 ATTORNEYS FOR DEFENDANTS
 BRANDON LEE ZUNGALI AND
 DAISHA TYSHELL HARRIS
 
 
 

OPINION BY: JOHNSON, J.
SMITH, P.J.: Concur
LUMPKIN, V.P.J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

[1] Harris was charged in Case No. CF-2014-143 and Zungali in CF-2014-144.

[2] The State argues that other issues raised for the first time during the hearing on the motion to suppress evidence were not properly before the district court and should not be considered on appeal because the district court made no finding on the allegations raised for the first time and confined its ruling to the justification for the traffic stop. Appellees address only the district court's ruling in their brief.

[3] Title 47 O.S.2011, § 11-310(a) provides in relevant part:

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

[4] The district court relied on this Court's non-binding unpublished decision in State v. Lopez and Magana to grant Appellees' motion to suppress. See State v. Lopez and Magana, Case No. S-2013-103 (unpublished)(Oct. 2, 2013)(holding a two second rule violation was insufficient justification for a traffic stop) In making its ruling, the district court noted there was a conflict between a published federal case, United States v. Nichols, and this Court's unpublished decision in Lopez. Although the district court seemingly credited Agent Wall's testimony by acknowledging that a "less than one second" interval between cars was "concerning," the district court followed Lopez solely because this Court did not adopt the older federal interpretation in Lopez "for whatever reason." The district court in Lopez found that much of the trooper's testimony was suspect, calling into question his assertion that the defendants were following the car in front of them too closely. Agent Wall's testimony does not suffer from the same deficiencies as the trooper's testimony in Lopez.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1996 OK CR 55, 932 P.2d 22, Benjamin Lozoya v. State
Discussed
 2001 OK CR 33, 37 P.3d 130, 72 OBJ 3431, MCGAUGHEY v. STATE
Discussed at Length
 2008 OK CR 24, 191 P.3d 594, COFFIA v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 421, Conspiracy - Definition - Punishment
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Cited
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-310, Following Too Closely
Discussed
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-415, Applicability of Act - Unlawful Acts - Violations - Penalties
Cited