STATE v. BREZNAI
2022 OK CR 17
Case Number: S-2022-189
Decided: 08/18/2022
THE STATE OF OKLAHOMA, Appellant v. JOHN EDWARD BREZNAI, JR., Appellee
Cite as: 2022 OK CR 17, __ __

 

 

O P I N I O N

MUSSEMAN, JUDGE:

¶1 The State of Oklahoma charged Appellee, John Edward Breznai, Jr., in the District Court of Custer County, Case No. CF-2021-93, with Count 1: Possession of Firearm after Former Felony Conviction in violation of 21 O.S.Supp.2019, § 128321 O.S.Supp.2018, § 171363 O.S.Supp.2017, § 2-40263 O.S.2011 § 2-405

¶2 A hearing on Appellee's Motion to Suppress and Dismiss was held before the Honorable Jill C. Weedon, District Judge. At the conclusion of the hearing, Judge Weedon sustained Appellee's Motion to Suppress and Dismiss. The State raises a sole proposition of error for review, claiming the trial court abused its discretion in finding the traffic stop unlawful.

¶3 We reverse the trial court's order and remand this matter to the trial court for further proceedings for the reasons discussed below.

BACKGROUND

¶4 During the overnight hours of May 12, 2021, Officer Hickman, of the Weatherford Police Department, was on the side of the roadway working stationary traffic. Specifically, he was on westbound Interstate 40 at mile marker 82 with his non-emergency lights on. Officer Hickman first noticed Breznai traveling in the left lane slightly behind a semi-truck in the right lane. The semi-truck was traveling slightly faster than Breznai.

¶5 Officer Hickman then left his position on the shoulder of the roadway and caught up to Breznai around mile marker 80 or 81. Breznai was still traveling in the left lane, not passing or overtaking the semi-truck; however, he was at a distance that would have caused him to be following the semi-truck too closely if he had moved into the right lane behind the semi-truck. Breznai continued in this manner for approximately a mile. Officer Hickman did not observe any other traffic on the roadway, shoulder, or on-ramp during his initial observation, or while he was following Breznai. Breznai was still traveling at a slower speed than the semi-truck. Officer Hickman then activated his emergency lights and stopped Breznai at approximately mile marker 80. It was this traffic stop that led to an open-air dog sniff and subsequent probable cause search of the vehicle by police that uncovered two firearms, marijuana, and associated paraphernalia.

DISCUSSION

¶6 As an initial matter, we exercise jurisdiction under 22 O.S.2011, § 1053See State v. Strawn, 2018 OK CR 2419 P.3d 249

¶7 The State contends that the stop of Breznai's vehicle for traveling in the left lane without passing or overtaking was not an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution, and we agree. When reviewing a trial court's ruling on a motion to suppress evidence based upon an allegation the search or seizure was illegal, we credit the trial court's findings of fact unless they are unsupported by the record and are clearly erroneous, and we review the legal conclusions based on those facts de novo. State v. Stark, 2018 OK CR 16422 P.3d 1282

¶8 Both the United States and Oklahoma Constitutions guarantee the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Okla. Const. art. 2, § 30. In order to stop a vehicle, a police officer must have reasonable, articulable suspicion that the vehicle or driver is in violation of the law. Heien v. North Carolina, 574 U.S. 54, 60 (2014); McGaughey v. State, 2001 OK CR 3337 P.3d 130Kansas v. Glover, __ U.S. __, 140 S.Ct. 1183, 1187 (2020) (quoting United States v. Cortez, 449 U.S. 411, 417-18 (1981)).

¶9 "Although a mere 'hunch' does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." Id. (quoting Prado Navarette v. California, 572 U.S. 393, 397 (2014) (internal citation omitted in original)). This determination of reasonable suspicion "permit[s] officers to make commonsense judgments and inferences about human behavior." Id. (quoting Illinois v. Wardlow, 528 U.S. 119, 125 (2000) (internal quotation marks omitted)). In determining if a traffic stop violates the Fourth Amendment, this Court considers "whether the officer's action was justified at its inception and whether the officer's subsequent actions were reasonably related in scope to the circumstances which justified the interference in the first place." State v. Zungali, 2015 OK CR 8348 P.3d 704

¶10 This case solely concerns whether the traffic stop was justified at its inception. As a result, "[t]he validity of [the] traffic stop under the Fourth Amendment turns on whether the particular officer had reasonable suspicion that the particular motorist violated any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." Id. at ¶ 6, 348 P.3d at 706 (quoting United States v. Valenzuela, 494 F.3d 886, 888 (10th Cir.2007) (brackets omitted)).

¶11 In the present case, Officer Hickman performed a traffic stop on Breznai because he suspected he was traveling in the left lane without passing or overtaking another vehicle in violation of Section 11-309 of Title 47 of the Oklahoma Statutes. The language of the statute at issue is as follows:

A vehicle shall not be driven in the left lane of a roadway except when overtaking and passing another vehicle; provided, however, this paragraph shall not prohibit driving in the left lane when traffic conditions, flow or road configuration, such as the potential of merging traffic, require the use of the left lane to maintain safe traffic conditions; provided further, this paragraph shall not prohibit driving in the left lane of a roadway within the city limits of a municipality as long as such roadway is not part of the National System of Interstate and Defense Highways.

47 O.S.Supp.2018, § 11-309

¶12 It is uncontested that Breznai was traveling in the left lane and that he was not overtaking and passing the semi-truck in the right lane over the distance Officer Hickman observed. Nor is it contested that the roadway Breznai was traveling on is the type covered by the statute. The parties' argument rests solely on the second clause that provides exception to the statute's requirement that travel in the left lane is restricted to passing and overtaking.

¶13 It is also on this section that the trial court based its reasoning. Specifically, the trial court found that there was no evidence offered by the State to demonstrate that there were unsafe driving conditions, such as traffic piling up behind Breznai's vehicle. However, creating unsafe traffic conditions is not required for a violation of 47 O.S.Supp.2018, § 11-309

¶14 It is well established that statutes are to be construed according to the plain and ordinary meaning of their language. State ex rel. Pruitt v. Steidley, 2015 OK CR 6349 P.3d 554maintain safe traffic conditions.

¶15 We now turn to whether the facts known to Officer Hickman at the time of the stop were sufficient to give rise to reasonable suspicion of the traffic violation. We find that they were. Officer Hickman observed Breznai traveling in the left lane for approximately one to two miles between his first observation and initiating the traffic stop, all while not only failing to overtake and pass a semi-truck in the right lane, but also traveling slower than the semi-truck. While Officer Hickman was on the shoulder with his non-emergency lights on, there was no testimony that this caused Breznai to move into the left lane. Moreover, there was no testimony that Officer Hickman observed Breznai move from the right lane into the left at any time prior to the traffic stop.

¶16 Ultimately, a determination that reasonable suspicion exists "need not rule out the possibility of innocent conduct." United States v. Arvizu, 534 U.S. 266, 277 (2002). Considering the totality of facts available to Officer Hickman, he had reasonable suspicion that Breznai was simply traveling in the left lane without overtaking and passing, and that traffic conditions did not require him to be in the left lane for safety. As a result, the traffic stop of Breznai was not unreasonable under the Fourth Amendment, and the trial court erred in ordering the evidence suppressed.

DECISION

¶17 The ruling of the trial court sustaining Breznai's motion to suppress and dismiss is REVERSED. This case is REMANDED for further proceedings not inconsistent with this opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon delivery and filing of this decision.

 

AN APPEAL FROM THE DISTRICT COURT OF CUSTER COUNTY, 
THE HONORABLE JILL C. WEEDON, DISTRICT JUDGE

 
 
 
 APPEARANCES IN
 DISTRICT COURT
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 RICKY A. MCPHEARSON
 FIRST ASSISTANT DISTRICT
 ATTORNEY
 P.O. BOX 36
 ARAPAHO, OK 73620
 ATTORNEY FOR STATE
 
 
 ANGELA C. MARSEE
 DISTRICT ATTORNEY OF
 CUSTER COUNTY
 RICKY MCPHEARSON
 FIRST ASSISTANT DISTRICT
 ATTORNEY
 STACY HILL
 ASSISTANT DISTRICT
 ATTORNEY
 P.O. BOX 36
 ARAPAHO, OK 73620
 ATTORNEY FOR APPELLANT
 
 
 
 
 RYAN D. RECKER
 RECKER & RECKER, PC
 P.O. BOX 888
 WEATHERFORD, OK 73096
 ATTORNEY FOR DEFENDANT
 
 
 RYAN D. RECKER
 RECKER & RECKER, PC
 P.O. BOX 888
 WEATHERFORD, OK 73096
 ATTORNEY FOR APPELLEE
 
 
 

 

OPINION BY: MUSSEMAN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Concur
LUMPKIN, J.: Concur