OSCN Found Document:HALIBURTON v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 HALIBURTON v. STATE
2024 OK CR 7
Case Number: F-2022-367
Decided: 03/21/2024

Cite as: 2024 OK CR 7, __ __

 

 

SUMMARY OPINION
 

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 Appellant, Charles Haliburton, appeals his Judgment and Sentence from the District Court of Comanche County, Case No. CF-2018-355, for Lewd or Indecent Acts to a Child Under 16 in violation of 21 O.S.Supp.2017, § 1123(A)(2).

¶2 The Honorable Gerald F. Neuwirth, District Judge, presided over Haliburton's jury trial. The jury found Appellant guilty and assessed punishment of ten (10) years imprisonment. The trial court sentenced the defendant in accordance with the jury's verdict and ordered three (3) years of post-imprisonment supervision.[1] Haliburton was granted an appeal out of time on April 8, 2022, in Case No. PC-2022-2965. Haliburton appeals his Judgment and Sentence and raises the following issue:

I. whether after the State failed to establish the elements of the charged offense at preliminary hearing, counsel's failure to file a motion to quash constituted ineffective assistance.

¶3 We affirm the Judgment and Sentence of the district court.

¶4 In his sole proposition, Appellant claims that he was denied the effective assistance of counsel when his counsel failed to file a motion to quash following the State's presentation at preliminary hearing. Specifically, Appellant alleges that the State did not put on evidence that the victim was under the age of sixteen, a required element for the charged offense of lewd or indecent acts with a child under the age of 16.

¶5 We review claims of ineffective assistance of counsel de novo, to determine whether counsel's constitutionally deficient performance, if any, prejudiced the defense so as to deprive the defendant of a fair trial with reliable results. Strickland v. Washington, 466 U.S. 668, 687 (1984); Malone v. State, 2013 OK CR 1, ¶ 14, 293 P.3d 198, 206. Under Strickland, a petitioner must show both (1) deficient performance, by demonstrating that his counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Strickland, 466 U.S. at 687-89. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

¶6 Strickland's demanding standard for deficient performance is satisfied only by proof of unprofessional errors so serious that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Browning v. State, 2006 OK CR 8, ¶ 14, 134 P.3d 816, 830. This Court need not determine whether counsel's performance was deficient if there is no showing of harm. See Malone, 2013 OK CR 1, ¶ 16, 293 P.3d at 207. When a claim of ineffectiveness of counsel can be disposed of on the ground of lack of prejudice, that course should be followed. Strickland, 466 U.S. at 697.

¶7 Unlike most claims of ineffective assistance of counsel presented to this Court, this case presents a purely legal question that must be decided: whether the granting of a motion to quash after the State's presentation of evidence at preliminary hearing bars further prosecution of the same offense without the State showing new evidence after the dismissal, as there can be no prejudice in this case if there is no bar to prosecution. Our decision falls squarely on the language of Title 22, Section 504.1(D) of the Oklahoma Statutes which states that "[a]n order to set aside an indictment or information on judgment for the defendant on a motion to quash for insufficient evidence, as provided in this section, shall not be a bar to further prosecution for the same offense."

¶8 A fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature. Gerhart v. State, 2015 OK CR 12, ¶ 14, 360 P.3d 1194, 1198. Legislative intent is first determined by the plain and ordinary language of the statute. Newlun v. State, 2015 OK CR 7, ¶ 8, 348 P.3d 209, 211. "A statute should be given a construction according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." Jordan v. State, 1988 OK CR 227, ¶ 4, 763 P.2d 130, 131.

¶9 It is clear from the plain language of Section 504.1(D) that the Legislature did not intend to prohibit refiling of the same offense if a motion to quash was sustained. Prior to the enactment of Section 504.1, our decisions in Chase v. State, 1973 OK CR 453, 517 P.2d 1142 and Jones v. State, 1971 OK CR 27, 481 P.2d 169, required the State to provide new evidence to the same magistrate that could overcome the prior dismissal if refiling was sought. The Legislature enacted Section 504.1 in 1990, years after our decisions in Chase and Jones, and chose not to include a requirement that the prosecution provide new evidence prior to refiling. "It is not our place to interpret a statute to address a matter the Legislature chose not to address, even if we think that interpretation might produce a reasonable result." State v. Young, 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955. This Court's decision in Tilley v. State ex rel. Scaggs, 1993 OK CR 52, ¶ 6, 869 P.2d 847, 849, has been interpreted to still require the State to produce new evidence prior to refiling, contrary to the Legislature's clear intent. Therefore, Tilley is hereby expressly overruled to the extent it is inconsistent with today's opinion.

¶10 As Section 504.1(D) does not bar the State from further prosecution for the same offense, the State is not required to show new evidence prior to refiling. The evidence necessary to prove all elements of the charged offense were presented at trial. Therefore, Appellant cannot show that his counsel's failure to seek a motion to quash following the State's evidence at preliminary hearing impacted the outcome of his case. As Appellant cannot show prejudice, we are not required to determine if his counsel's performance was deficient. Appellant's claim is denied.

DECISION

¶11 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF COMANCHE COUNTY, THE HONORABLE GERALD F. NEUWIRTH,
DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 LARRY CORRALES
 OKLAHOMA INDIGENT DEFENSE
 607 SW C AVENUE
 LAWTON, OK 73501
 ATTORNEY FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL
 
 CHAD JOHNSON
 OKLAHOMA INDIGENT
 DEFENSE
 111 N. PETERS AVE.,
 SUITE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 
 
 JILL D. OLIVER
 ASSISTANT DISTRICT ATTORNEY
 315 SE 5TH STREET
 LAWTON, OK 73501
 COUNSEL FOR STATE
 
 
 GENTNER F. DRUMMOND
 ATTORNEY GENERAL OF OKLAHOMA
 TANNER A. HERRMANN
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

OPINION BY: MUSSEMAN, V.P.J.

ROWLAND, P.J.: Concur
LUMPKIN, J.: Concur in Part/Dissent in Part
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

[1] Appellant will be required to serve 85% of his sentence before becoming eligible for parole consideration. 21 O.S.Supp.2015, § 13.1.

 

 

LUMPKIN, JUDGE: CONCURRING IN PART/DISSENTING IN PART

¶1 I concur in the result in this case. However, I dissent from the decision to overrule Tilley v. State ex rel. Scaggs, 1993 OK CR 52, 869 P.2d 847. Tilley is still good law and nothing in this case warrants overruling it.

¶2 The Court correctly determines the Legislature's enactment of 22 O.S.2021, § 504.1(D) removed any need for the State to present additional evidence upon re-filing a case after the magistrate grants a defendant's motion to quash for insufficient evidence at preliminary hearing. However, Tilley is not an analysis of Section 504.1(D) and nothing in Tilley conflicts with the Court's decision herein.

¶3 In Tilley, defendant filed motion to quash after preliminary hearing based on the State's failure to sufficiently prove the corpus delicti of the crime, which the district court granted. The court ordered the charge dismissed and exonerated the bond but stayed the dismissal and exoneration pending the State's appeal, which it announced in court that it would pursue. The court ordered an exhumation of the victim's body, and the State filed its appeal after the exhumation occurred. Thereafter, the State filed a motion to reconsider with the district court regarding its grant of the motion to quash. The district court found it maintained jurisdiction over the motion to quash since the dismissal was stayed and remanded the case for further preliminary hearing based upon the autopsy report after exhumation of the body.

¶4 Defendant sought a writ of prohibition precluding the district court's resumption of the case. He argued the only avenue for the State to proceed was with the normal appeal process rather than through a motion to reconsider. This Court agreed and granted the writ, holding where a motion to quash based on insufficient evidence presented at preliminary hearing is granted, the State cannot file a motion to reconsider rather than appealing the decision or refiling the case. Once the State filed its appeal, the district court lost jurisdiction to take further action in the case. Tilley, 1993 OK CR 52, ¶ 6, 869 P.2d at 849. This Court did voice its agreement, in dicta, that the State should have been required to either appeal the decision on the motion to quash through 22 O.S.1991, § 1053(4) or to refile the case based upon "new information" acquired since the dismissal, citing Chase v. State, 1973 OK CR 453, 517 P.2d 1142. Id. However, this Court's decision in Tilley did not rest upon an analysis of Section 504.1. As a result, Tilley is not germane to the issue in this case which is the construction and application of Section 504.1.

¶5 Because Tilley is still good law and its holding does not conflict with the Court's decision herein, I dissent from the decision to overrule it.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1988 OK CR 227, 763 P.2d 130, 
JORDAN v. STATE
Discussed

 
1993 OK CR 52, 869 P.2d 847, 
TILLEY v. STATE EX REL. SCAGGS
Discussed at Length

 
1994 OK CR 11, 869 P.2d 849, 
STATE v. HAWS
Cited

 
2006 OK CR 8, 134 P.3d 816, 
BROWNING v. STATE
Discussed

 
2013 OK CR 1, 293 P.3d 198, 
MALONE v. STATE
Discussed at Length

 
2015 OK CR 7, 348 P.3d 209, 
NEWLUN v. STATE
Discussed

 
2015 OK CR 12, 360 P.3d 1194, 
GERHART v. STATE
Discussed

 
1971 OK CR 27, 481 P.2d 169, 
JONES v. STATE
Discussed

 
1999 OK CR 14, 989 P.2d 949, 70 OBJ 1076, 
State v. Young
Discussed

 
1973 OK CR 453, 517 P.2d 1142, 
CHASE v. STATE
Discussed at Length

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 1123, 
Lewd or Indecent Proposals or Acts to Child Under 16
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 504.1, 
Motion to Quash for Insufficient Evidence
Cited

 
22 O.S. 1053, 
State or Municipality May Appeal in What Cases
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA