STATE v. ARMSTRONG
2025 OK CR 3
Case Number: SR-2023-836
Decided: 01/30/2025
THE STATE OF OKLAHOMA, Appellant v. RAMON AMBROSE ARMSTRONG, Appellee
Cite as: 2025 OK CR 3, __ __

 

 

O P I N I O N

ROWLAND, JUDGE:

¶1 The State charged Appellee Ramon Ambrose Armstrong, in the District Court of Comanche County, Case No. CF-2020-447, with Driving a Motor Vehicle While Under the Influence of Alcohol Second and Subsequent (Count 1), in violation of 47 O.S.Supp.2018, § 11-90221 O.S.2011, § 650.947 O.S.Supp.2018, § 11-309

¶2 Before the Court is a state appeal on reserved questions of law. See 22 O.S.Supp.2022, § 1053

(1) whether 47 O.S.Supp.2017, § 756

(2) whether Armstrong's refusal to take the State's breath test was a refusal pursuant to 47 O.S.Supp.2017, § 756

BACKGROUND

¶3 This case arises out of a traffic stop initiated by a Lawton police officer, on August 29, 2020, upon the officer's suspicion that the driver, Ramon Armstrong, was intoxicated. The officer who initiated the stop observed the vehicle weaving between and crossing over the lines on the road. Once stopped, the officer made contact with Armstrong and noticed that his breath smelled of alcohol and that he had watery eyes and slurred speech. The officer administered standard field sobriety tests and observed six out of six clues for Horizontal Gaze Nystagmus, six out of eight clues for walk and turn, and one out of four clues for one leg stand. The officer then placed Armstrong under arrest for driving under the influence. The officer asked, under the Implied Consent Test Request, that Armstrong submit to a breath test. Armstrong refused the test.

¶4 Prior to trial, Armstrong filed a motion in limine seeking to prohibit the introduction of evidence relating to the field sobriety tests and evidence relating to his refusal of a breath alcohol test. This was, in part, treated as a request to keep the jury from hearing that he refused to take a breath alcohol test. In a written response, the State argued that evidence of a defendant's refusal to take a breath alcohol test is admissible under 47 O.S.Supp.2017, § 756

¶5 At a motion hearing held on August 29, 2023, defense counsel argued against the relevancy of the evidence that Armstrong refused the breath alcohol test and expressed concern that the State be precluded from arguing that such refusal be deemed a "presumption" of intoxication. The trial court, in a Court Order, granted the motion in part and denied it in part. The court ruled that, "[t]he State is allowed to provide testimony regarding Defendant's refusal to take the test but is forbidden from making any inference or allusion to the fact of [sic] Defendant's refusal to test means Defendant was intoxicated."

¶6 Immediately prior to trial on September 25, 2023, the trial court revisited the motion in limine in light of Instruction No. 9-47, OUJI-CR(2d) (Supp.2008) which is a limiting instruction regarding a defendant's refusal to take a blood alcohol test. Defense counsel argued that Instruction No. 9-47, OUJI-CR(2d) (Supp.2008) is not applicable as it deals specifically with blood alcohol tests and not breath alcohol tests. He asserted that if the drafters of the jury instructions had intended that breath alcohol tests be treated the same as blood alcohol tests, they would have explicitly included it in the jury instruction. The trial court ruled that the State could introduce evidence that Armstrong refused the breath alcohol test, but it could not argue that such refusal was evidence of consciousness of guilt unless Armstrong testified at trial and was subject to cross-examination on the issue. Accordingly, the trial court went on to deny the State's request that the jury be given Instruction No. 9-47, OUJI-CR(2d) (Supp.2008).

1.

¶7 Resolution of the issue before this Court turns on the interpretation of 47 O.S.Supp.2017, § 756Washburne v. State, 2024 OK CR 9548 P.3d 786State v. Breznai, 2022 OK CR 17516 P.3d 686Haliburton v. State, 2024 OK CR 7546 P.3d 895Jordan v. State, 1988 OK CR 227763 P.2d 130State v. Green, 2020 OK CR 18474 P.3d 886

¶8 Title 47 O.S.Supp.2017, § 756

Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle while under the influence of alcohol or any other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance, evidence of the alcohol concentration in the blood or breath of the person as shown by analysis of the blood or breath of the person performed in accordance with the provisions of Sections 752 and 759 of this title or evidence of the presence or concentration of any other intoxicating substance as shown by analysis of such person's blood, breath, saliva, or urine specimens in accordance with the provisions of Sections 752 and 759 of this title is admissible. Evidence that the person has refused to submit to either of said analyses is also admissible.

(Emphasis added).

¶9 In keeping with the plain language of this statute, this Court previously found that evidence of one's refusal to take a sobriety test is admissible under Section 756. State v. Neasbitt, 1987 OK CR 55735 P.2d 337Harris v. State, 1989 OK CR 15773 P.2d 1273

[Section] 756, which allows admission of evidence of one's refusal to take a sobriety test, meets constitutional muster according to both the Oklahoma and United States constitutions. It is a lawful penalty to use evidence that a driver refused such a sobriety test. It is not an act coerced, and is not protected by the privilege against self-incrimination.

In so holding, this Court noted additionally that the United States Supreme Court has held that, "'we do not think it fundamentally unfair . . . to use the refusal to take the test as evidence of guilt, even though [the defendant] was not specifically warned that his refusal could be used against him.'" Harris, 1989 OK CR 15South Dakota v. Neville, 459 U.S. 553, 565 (1983)). See also Pennsylvania v. Muniz, 496 U.S. 582, 604 n.19 (1990) ("We see no reason to distinguish between chemical blood tests and breathalyzer tests for these purposes.").

¶10 Thus, it is clear that under Section 756, evidence of an individual's refusal to take a breath test is admissible at trial. We also find, based upon the above noted precedent, that the refusal to submit to a breath test may be considered by the trier of fact as evidence of guilt. Furthermore, the plain language of Section 756 does not require that a defendant take the stand and testify before this evidence is admitted.

2.

¶11 As noted above in the recitation of the facts, the prosecutor requested that the jury be given Instruction No. 9-47, OUJI-CR(2d) (Supp.2008).

¶12 A review of the Notes on Use and Committee Comments to Instruction No. 9-47, OUJI-CR(2d) (Supp.2008) shows that the instruction was adopted almost verbatim from a limiting instruction proposed by Judge Lumpkin in his specially concurring opinion to Harris, 1989 OK CR 15Harris, 1989 OK CR 15blood alcohol or breathalyzer test be limited." Harris, 1989 OK CR 15

ANSWER

¶13 For the reasons discussed above, we find that the State was properly allowed to introduce evidence of Armstrong's refusal to submit to a breath test under 47 O.S.Supp.2017, § 756

DECISION

¶14 The RESERVED QUESTIONS OF LAW are ANSWERED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2025), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT
OF COMANCHE COUNTY
THE HONORABLE GRANT SHEPERD, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 CLAY ZELBST
 ZELBST, HOLMES, & BUTLER
 411 SE 6TH STREET
 LAWTON, OK 73501
 ATTORNEY FOR DEFENDANT
 
 
 KYLE CABELKA
 DISTRICT ATTORNEY
 JOHN S. ROOSE
 ASST. DISTRICT ATTORNEY
 COMANCHE COUNTY DISTRICT
 ATTORNEY'S OFFICE
 315 S.W. 5TH ST., ROOM 504
 LAWTON, OK 73501
 ATTORNEYS FOR STATE
 
 
 
 
 JOHN S. ROOSE
 ASST. DISTRICT ATTORNEY
 COMANCHE COUNTY DISTRICT
 ATTORNEY'S OFFICE
 315 S.W. 5TH ST., ROOM 504
 LAWTON, OK 73501
 ATTORNEY FOR STATE
 
 
  
 
 
 

 

OPINION BY: ROWLAND, J.
LUMPKIN, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

Evidence has been introduced of the defendant's refusal to take a test to determine the blood alcohol level in his/her body at the time of his/her arrest. You must first determine whether this refusal is evidence of guilt.

To find that the defendant's refusal to take the blood alcohol test is evidence of guilt, you must find beyond a reasonable doubt that:

First, the defendant refused the test,

Second, with a consciousness of guilt,

Third, in order to avoid arrest or conviction for the crime with which he/she is now charged.

[Note: If the defendant has offered evidence explaining the refusal, give the following: The defendant has offered evidence explaining his/her refusal to take the blood alcohol test. You must consider this explanation in determining whether the defendant's refusal is evidence of guilt.]

If after a consideration of all the evidence on this issue, you find beyond a reasonable doubt that the defendant refused the blood alcohol test with a consciousness of guilt in order to avoid arrest or conviction, then the defendant's refusal to take the blood alcohol test is a circumstance which you may consider with all the other evidence in this case in determining the question of the defendant's guilt. However, if you have a reasonable doubt that the defendant refused the blood alcohol test with a consciousness of guilt in order to avoid arrest or conviction, then the defendant's refusal to take the blood alcohol test is not a circumstance for you to consider.